# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2220V
### Filed: June 12, 2026

|  |  |
|---|---|
| RONALD MARTIN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Meghan Murphy, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On November 29, 2021, Ronald Martin ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered polymyalgia rheumatica ("PMR") and a Table Injury of a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination he received on October 1, 2019. (ECF No. 1.) On September 26, 2022, petitioner filed an amended petition narrowing his claim to the alleged shoulder injury and specifying that he was pursuing that shoulder injury claim on a causation-in-fact basis or, alternatively, as a significant aggravation claim. (ECF No. 19.)

On December 5, 2025, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury caused-in-fact by his flu vaccination. (ECF No. 43.) On June 11, 2026, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $105,604.53, including $105,000.00

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

for pain and suffering and $604.53 for past unreimbursable expenses.  (ECF No. 52.)  In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $105,604.53, representing $105,000.00 for pain and suffering and $604.53 for past unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| RONALD MARTIN,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | )<br>)<br>)<br>)<br>)　No. 21-2220V<br>)　Special Master Horner<br>)　ECF<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 29, 2021, Ronald Martin ("petitioner") filed a Petition ("Petition" or "Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"). The Petition alleged that petitioner suffered polymyalgia rheumatica ("PMR") and a shoulder injury related to vaccine administration ("SIRVA") allegedly caused by an influenza ("flu") vaccine administered on October 1, 2019. *See* Pet. at 1. On September 26, 2022, petitioner filed an Amended Petition ("Am. Pet."), alleging a "causation in fact SIRVA" and, in the alternative, a claim of significant aggravation. *See* ECF No. 19.

On October 26, 2022, respondent filed his Rule 4(c) Report asserting that this case was not appropriate for compensation. ECF No. 20. After the parties briefed entitlement, Special Master Horner issued a Ruling on Entitlement finding petitioner entitled to compensation on December 5, 2025. ECF No. 43.

## I.    <u>Items of Compensation</u>

### A.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $105,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $604.53.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Special Master Horner's decision and the Court's judgment award the following[1]: a lump sum payment of **$105,604.53** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4264
meghan.r.murphy@usdoj.gov

DATED: June 11, 2026

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of June, 2026, a true and correct copy of the foregoing pleading was served via electronic mail to Richard Amada and Leah Durant at ramada@durantllc.com and ldurant@durantllc.com.


/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY